**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILLIP GERALD HUNT, JR.,

      Plaintiff,

vs.

TEMU PAYMENTS, INC.,

      Defendant.

Case No.: 2:26-cv-00237-GMN-EJY

**ORDER GRANTING
MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendant Temu Payments, Inc.  Plaintiff Phillip Gerald Hunt, Jr. filed a Response, (ECF No. 12), to which Defendant filed a Reply, (ECF No. 13).  Because Plaintiff wholly fails to respond to the arguments raised by Defendant, the Court GRANTS Defendant's Motion to Dismiss.

The Ninth Circuit and district courts within it have routinely held that a plaintiff abandons a claim or argument by failing to address it in response to a dispositive motion by a defendant. *See, e.g.*, *Pers. Elec. Transports, Inc. v. Off. of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009) (concluding that "the district court correctly opined" that plaintiffs had "waived their 'access to the courts' argument for failing to raise it in their opposition" to the defendant's motion to dismiss); *Hollis v. R & R Restaurants, Inc.*, No. 3:21-CV-965-YY, 2023 WL 2645453, at *2 (D. Or. Mar. 27, 2023) ("Generally, failure to respond to an argument in a motion to dismiss is a concession to that argument.").  Moreover, Local Rule 7-2(d) provides that "the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."  LR 7-2(d).

Here, Plaintiff wholly fails to respond to the arguments raised by Defendant in its Motion to Dismiss.  Defendant moves to dismiss Plaintiff's Complaint for lack of personal

jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff filed a Response opposing Defendant's Motion to Dismiss by arguing why arbitration should not be compelled in this matter even though Defendant did not move to compel arbitration. Significantly, Plaintiff wholly failed to respond to any of the jurisdictional or pleading deficiency arguments set forth in Defendant's Motion to Dismiss thereby consenting to the motion being granted. *See* LR 7-2(d).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 10), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed without prejudice but without leave to amend.

The Clerk of Court is kindly directed to close the case.

**DATED** this __13__ day of July, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court